SD:MMH
F. #2014R01394/NY-NYE-762H

FILED
CLERK

2016 JAN 28 PM 3:41

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – –X

UNITED STATES OF AMERICA

    - against -

EMERSSON ALEXANDER JIMENEZ
SUAREZ,
      also known as "El Chamo"
      and "El Chamo Jota,"
MELVIN MARTINEZ,
      also known as "La Fuerza"
      and "Yo Mismo,"
HENRY LEON GUTIERREZ,
      also known as "Leon NYNY" and
JUAN FELIPE ISAZA QUINTERO,
      also known as "Felipao" and
      "Thor,"
                 Defendants.

– – – – – – – – – – – – – –X

INDICTMENT

Cr. No. **CR 16 - 00048**

(T. 21., U.S.C., §§ 853(a), 853(p), 959(c),
960(b)(1)(B)(ii) and 963; T. 18, U.S.C.,
§§ 982(a)(1), 1956(h), 3238 and 3551 et
seq.)

DeARCY HALL, J.

ORENSTEIN, M.J.

THE GRAND JURY CHARGES:

COUNT ONE
(International Narcotics Distribution Conspiracy)

      1.    In or about and between January 2015 and April 2015, both dates being

approximate and inclusive, within the extraterritorial jurisdiction of the United States, the

defendants EMERSSON ALEXANDER JIMENEZ SUAREZ, also known as "El Chamo" and

"El Chamo Jota" and MELVIN MARTINEZ, also known as "La Fuerza" and "Yo Mismo,"

together with others, did knowingly and intentionally conspire to distribute a controlled

substance in a place outside the United States, to wit: Venezuela, Mexico, Jamaica and the Dominican Republic, which offense involved a substance containing cocaine, a Schedule II controlled substance, knowing and intending that such substance would be unlawfully imported into the United States, contrary to Title 21, United States Code, Sections 959(a) and 960(a).   The amount of cocaine involved in the conspiracy attributable to the defendants as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, was 5 kilograms or more of a substance containing cocaine.

(Title 21, United States Code, Sections 959(c), 960(b)(1)(B)(ii) and 963; Title 18, United States Code, Sections 3238 and 3551 et seq.)

COUNT TWO
(Money Laundering Conspiracy)

2.        In or about and between December 2013 and November 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants EMERSSON ALEXANDER JIMENEZ SUAREZ, also known as "El Chamo" and "El Chamo Jota," HENRY LEON GUTIERREZ, also known as "Leon NYNY" and JUAN FELIPE ISAZA QUINTERO, also known as "Felipao" and "Thor," together with others, did knowingly and intentionally conspire to: (i) conduct one or more financial transactions in and affecting interstate and foreign commerce, to wit: the transfer and delivery of United States currency, which transactions in fact involved the proceeds of specified unlawful activity, to wit: narcotics trafficking, in violation of Title 21, United States Code, Sections 959(a), 960(a)(1) and 963, knowing that the property involved in the transactions represented the proceeds of some form of unlawful activity, and knowing that the transactions were designed

3

in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of the specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i) and (ii) conduct one or more financial transactions in and affecting interstate and foreign commerce, to wit: the transfer and delivery of United States currency, which transactions in fact involved the proceeds of specified unlawful activity, to wit: narcotics trafficking, in violation of Title 21, United States Code, Sections 959(a), 960(a)(1) and 963, knowing that the property involved in the transactions represented the proceeds of some form of unlawful activity, and knowing that the transactions were designed in whole and in part to avoid a transaction reporting requirement under State or Federal law, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(ii).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION AS TO COUNT ONE
(International Narcotics Distribution Conspiracy)

3.     The United States hereby gives notice to the defendants charged in Count One that, upon their conviction of the offense charged in Count One, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offense to forfeit any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense, and any property used, or intended to be used, in any manner or part, to commit, or facilitate the commission of, such offense.

4.     If any forfeitable property, as a result of any act or omission of the defendants:

(a)      cannot be located upon the exercise of due diligence;

(b)      has been transferred or sold to, or deposited with, a third party;

(c)      has been placed beyond the jurisdiction of the court;

(d)      has been substantially diminished in value; or

(e)      has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendants up to the value of the forfeitable

property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNT TWO
(Money Laundering Conspiracy)

5.      The United States hereby gives notice to the defendants charged in

Count Two that, upon their conviction of the offense charged in Count Two, the government

will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), of all

property, real and personal, involved in the offense, or any property traceable to such property.

6.      If any forfeitable property, as a result of any act or omission of the

defendants:

(a)      cannot be located upon the exercise of due diligence;

(b)      has been transferred or sold to, or deposited with, a third party;

(c)      has been placed beyond the jurisdiction of the court;

(d)      has been substantially diminished in value; or

5

(e)      has been commingled with other property which cannot be
divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to
seek forfeiture of any other property of the defendants up to the value of the forfeitable
property described in this forfeiture allegation.

(Title 18, United States Code, Section 982(a)(1); Title 21, United States Code,
Section 853(p))


A TRUE BILL

_Robert Heffernan_
FOREPERSON


_Robert L. Capers_
ROBERT L. CAPERS
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK