

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

ALB:PP  
F. #2014R01394/NY-NYE-762H

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 26, 2021

By ECF

The Honorable Ann M. Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Juan Felipe Isaza Quintero
                 Criminal Docket 16-048 (AMD)

Dear Judge Donnelly:

      The government respectfully submits this letter in anticipation of the defendant's sentencing on August 4, 2021. On March 17, 2021, the defendant pled guilty to money laundering conspiracy, in violation of Title 18, United States Code, Section 1956(h). For the reasons set forth below, the government respectfully submits that a sentence within the advisory United States Sentencing Guidelines ("Guidelines or "U.S.S.G.") range of 46 to 57 months' imprisonment is appropriate in this case.

I.      Background

      As set forth in the Probation Department's Presentence Investigation Report ("PSR"), agents for Homeland Security Investigations ("HSI") began investigating an international money laundering organization based in Venezuela in 2013. PSR ¶ 11. The defendant, also known as "Felipao" or "Thor," was a member of the organization which used the black-market peso exchange ("BMPE") to trade traffickers' U.S. dollars for Colombian pesos. Id. ¶ 7. More specifically, the defendant was a money broker who operated a currency exchange business near the Colombia/Venezuela border that would broker exchanges on behalf of individuals in the U.S. seeking to move the proceeds of narcotics trafficking. Id. ¶ 16. The defendant was aware that the funds represented the proceeds of narcotics trafficking. Id. ¶ 26.

      During the investigation, agents intercepted the defendant's communications regarding bulk cash deposits of U.S. currency in U.S.-based bank accounts. Id. ¶ 24. On June 5, 2015, the defendant stated he would arrange a deposit of $9,300 into an account. Between September 17, 2015, and September 23, 2015, agents intercepted the defendant's communications regarding a proposed delivery of $200,000, as well as further communications facilitating the logistics of this delivery. Id. ¶ 25.

On February 2, 2017, a grand jury sitting in the Eastern District of New York returned an indictment charging the defendant with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). The defendant was arrested in Colombia in June 13, 2019, and then extradited to the United States on April 2, 2020. Id. ¶ 26. The defendant has been in custody since his arrest in Colombia. On March 11, 2021, the defendant pled guilty to Count Two of the Indictment pursuant to a plea agreement with the government.

II.     Sentencing Guidelines

The government agrees with the Guidelines calculation set forth in the PSR, and submits that this Guidelines calculation should be applied:

| | | |
|---|---|---:|
| | Base Offense Level (§ 2S1.1(a)(2)) | 8 |
| Plus: | More than $150,000 in Laundered Proceeds (§ 2B1.1(b)(1)(F)) | +10 |
| Plus: | Defendant Believed Laundered Funds Were Narcotics Proceeds (§ 2S1.1(b)(1)(B)(i)) | +6 |
| Plus: | Conviction Under 18 U.S.C. § 1956 (§ 2S1.1(b)(2)(B)) | +2 |
| Minus: | Acceptance of Responsibility (§ 3E1.1) | -3 |
| | Total: | 23 |

The total offense level for Count Two is 23, which, based on a Criminal History Category of I, carries a Guidelines range of 46 to 57 months in custody. PSR ¶ 75. The defendant does not object to this Guidelines calculation.

III.    A Guidelines Sentence Is Appropriate

The sentencing factors articulated in 18 U.S.C. § 3553(a) underscore the need for a Guidelines sentence. As an initial matter, the "nature and circumstances of the offense" are serious. The defendant facilitated the laundering of drug proceeds, knowing full well that the money he was helping conceal was, in fact, dirty drug money. The defendant was also not a minor or minimal participant in this conspiracy. A Guidelines sentence would not only provide specific deterrence and just punishment, but it would also serve as general deterrence for such conduct, as it is actions like the defendant's that help enable and perpetuate the distribution and sale of narcotics in the United States. Accordingly, a Guidelines sentence will provide a sentence that is sufficient but not greater than necessary to achieve the goals of sentencing.

IV. Conclusion

For the foregoing reasons, the government respectfully requests that the Court impose a sentence within the applicable Guidelines range of 46 to 57 months' imprisonment.

Respectfully submitted,

JACQUELYN M. KASULIS
Acting United States Attorney

By: /s/ Philip Pilmar
Philip Pilmar
Assistant U.S. Attorney
(718) 254-6106

cc: Clerk of the Court (AMD) (by ECF)
Michael Gold, Esq. (by ECF)
Jared Maneggio, United States Probation Officer (by Email)